UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE STEPHENS (#109204)     CIVIL ACTION

VERSUS

N. BURL CAIN     NO. 14-0797-SDD-RLB

## RULING

This matter comes before the Court in connection with the Court's *Order*[1] dated February 25, 2015 denying the Plaintiff authorization to proceed *in forma pauperis* in this case and directing him to pay, within thirty (30) days, the full amount of the Court's filing fee.

On February 25, 2015, pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), the Court entered an *Order* denying the Plaintiff's *Motion to Proceed in forma pauperis*[2] in this case and ordering him to pay, within 30 days, the full amount of the Court's filing fee. The Plaintiff was placed on notice that a failure to comply with the Court's *Order*[3] "shall result in the dismissal of the Plaintiff's Complaint without further notice from the Court."[4]

In accordance with 28 U.S.C. § 1915, a prisoner filing a civil action or appeal in federal court may be granted *in forma pauperis* status but is nonetheless required to pay

---

[1] Rec. Doc. 3.

[2] Rec. Doc. 2.

[3] Rec. Doc. 3.

[4] *Id.*

the full amount of the Court's filing fee over time in incremental installments. However, such incremental payments are not allowed and pauper status shall be denied where the prisoner has filed, on at least three prior occasions, actions or appeals that have been dismissed as legally baseless. Specifically:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the instant case, the Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal courts that have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[5] Accordingly, pursuant to *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), and 28 U.S.C. § 1915(g), this Court denied the Plaintiff's motion to proceed *in forma pauperis* and directed him to pay the full amount of the Court's filing fee within 30 days.[6] Now, a review of the record by the Court reflects that the Plaintiff has failed to pay the filing fee as ordered. Accordingly,

---

[5] Cases or appeals filed by the Plaintiff which have been dismissed by the federal courts as frivolous or for failure to state a claim include, but are not limited to, *Joe Stephens v. Paul J. Carmouche, et al.*, Civil Action No. 96-1750-DEW-RSP (W.D., La.); *Joe Stephens v. Paul J. Carmouche, et al.*, Civil Action No. 96-1789-TS-RSP (W.D., La.); *Joe Stephens v. John R. Ballard*, Civil Action No. 98-1672-TS-RSP (W.D., La.); and *Joe Stephens v. Carey T. Shimpf, et al.*, Civil Action No. 07-1962-SMH (W.D., La.).

[6] The Court has previously determined that the allegations of the Plaintiff's *Complaint* do not meet the "imminent danger" exception contained in 28 U.S.C. § 1915(g). *See* Rec. Doc. 3 at note 2.

**IT IS HEREBY ORDERED** that the above-captioned proceeding be dismissed, without prejudice, for failure of the Plaintiff to pay the Court's filing fee.

*Judgment* shall be entered accordingly.

Baton Rouge, Louisiana the 8 day of April, 2015.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA